# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARRON THOMAS, | 1:16-cv-01566-LJO-EPG |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER GRANTING IN PART TAKEDA PHARMACUETICAL COMPANY LIMITED'S MOTION TO DISMISS** |
| v. | |
| TAKEDA PHARMACEUTICALS USA, INC., *et al.*, | |
| Defendants. | **(Doc. 12)** |
| | **ORDER LIFTING STAY OF PROCEEDINGS** |
| | **(Doc. 10)** |

## I. INTRODUCTION

On October 14, 2016, Plaintiff Sharron Thomas ("Plaintiff") filed a complaint against Takeda Pharmaceuticals USA, Inc., Takeda Pharmaceuticals America, Inc., Takeda Pharmaceuticals International, Inc., Takeda Development Center Americans, Inc., Takeda GMBH, and Takeda Pharmaceutical Company Limited ("Takeda") (collectively, "Defendants"). All Defendants other than Takeda and Takeda GMBH have filed an Answer to the complaint (Doc. 8). Takeda GMBH has not responded to the complaint and no proof of service has been filed as to this entity. Takeda filed the

1

present motion to dismiss for insufficient service of process pursuant to Federal Rules of Civil Procedure 12(b)(5). For the reasons set forth below, Takeda's motion is GRANTED to the extent that service upon Takeda is quashed as insufficient, but Takeda's request for dismissal of the complaint is denied.[1]

## II. FACTUAL BACKGROUND

Plaintiff's suit arises from her purchase of a proton pump inhibitor (PPI) manufactured by Defendants that she claims has resulted in various kidney issues. Plaintiff contends Defendants concealed their knowledge of the dangerous risks associated with PPIs from Plaintiff, her physicians, and others, and failed to adequately inform consumers and the medical community about the risks of kidney injury as a result of use of PPIs.

Plaintiff filed a complaint on October 14, 2017, and summonses were returned executed on November 21, 2016. (Doc. 5.) According to the affidavits of the process server, Defendants Takeda Development Center Americas, Inc., Takeda Pharmaceuticals America, Inc., Takeda Pharmaceuticals International, Inc., and Takeda Pharmaceuticals USA, Inc. were each served with a copy of the complaint and a summons in this case on November 1, 2016, at One Takeda Parkway, Deerfield, Illinois. (Doc. 5.) The summons issued as to Takeda Development Center Americas, Inc. included Takeda, but no proof of service was filed as to Takeda. (Doc. 2.) Through Federal Express, Plaintiff asserts she sent a copy of the complaint, a civil cover sheet, a summons, and a cover letter to Takeda at its corporate address in Japan, which was signed for on December 12, 2016.

## III. LEGAL STANDARD

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4." *Direct Mail Specialists v. Eclat Computerized Techs., Inc.*,

---

[1] This case was stayed pursuant to the parties' joint motion indicating Plaintiff had filed a request for transfer to the United States Judicial Panel on Multi-District Litigation ("MDL"). On February 2, 2017, the MDL denied Plaintiff's request for transfer. (MDL No. 2757, Doc. 105.) As such, the stay of these proceedings is LIFTED.

2

840 F.2d 685, 688 (9th Cir. 1988). While Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint, *United Food & Commercial Workers Union v. Alpha Beta Co.*, 736 F.2d 1371, 1382 (9th Cir. 1984), "neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction" absent substantial compliance with its requirements. *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986). Both Rule 12(b)(4) and Rule 12(b)(5) of the Federal Rules of Civil Procedure allow a motion to dismiss for insufficiency of process. Rule 12(b)(4) was designed to challenge irregularities in the contents of a summons. *Chilicky v. Schweiker*, 796 F.2d 1131, 1136 (1986), *reversed on other grounds by* 487 U.S. 412 (1988). Rule 12(b)(5) permits a defendant to challenge the method of service attempted by the plaintiff.

Where the validity of service is contested, the burden is on the party claiming proper service has been effected to establish validity of service. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004); *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993). "The court may consider evidence outside the pleadings in resolving a Rule 12(b)(5) motion." *Fairbank v. Underwood*, 986 F. Supp. 2d 1222, 1228 (D. Ore. 2013). When service of process is insufficient, the court has broad discretion to dismiss the action or to retain the case but quash the service that has been made on defendant. *Montalbano v. Easco Hand Tools, Inc.* 766 F.2d 737, 740 (2d Cir. 1985).

### IV. ANALYSIS

**A. The Parties' Arguments**

Takeda, a Japanese corporation, argues that service of the summons and complaint on it via Federal Express at its corporate location in Japan is improper because such service is not a manner recognized and accepted under the Federal Rules of Civil Procedure. Takeda maintains that service of process attempted abroad is generally governed by the Hague Convention, which permits member countries, including Japan, to designate a central authority to accept process and effect service on the individual to be served. Plaintiff's Federal Express delivery to Takeda's corporate location did not constitute service on Japan's central authority for process under the Hague Convention. Moreover,

service via Federal Express does not comport with any other means of service in a foreign country under Rule 4(f), and Japan itself does not permit service of process via Federal Express. For these reasons, Takeda seeks dismissal of the complaint as to itself.

Plaintiff argues she did not serve Takeda under the Hague Convention or via Federal Express – the Federal Express delivery was merely a courtesy copy. Instead, Plaintiff asserts she served Takeda in the United States under California law through Takeda's subsidiaries located in Illinois. Plaintiff maintains the Federal Rules of Civil Procedure 4(e)(1) and 4(h)(1)(A) permit service on a foreign corporation by following state law where the district court is located or where service is made. Under California Code of Civil Procedure ("CCCP") § 416.10(b), a summons may be served on a corporation by delivering it to that corporation's general manager, among other corporate officers or personnel. Plaintiff maintains Takeda's subsidiaries in Illinois are Takeda's sales agents and distributors in the United States, including California, and the nature of the subsidiaries' activities render them a "general manager" of Takeda. Plaintiff contends service was therefore sufficient under CCCP § 416.10(b).

Takeda responds that, although the definition of "general manager" under CCCP § 416.10 may encompass a subsidiary corporation in some cases, both California law and an unpublished Ninth Circuit decision have made clear that service through a subsidiary as a "general manager" requires establishing a sufficiently close connection between the subsidiary and the parent corporation. This connection is dependent upon factors such as the frequency and quality of the contact between the parent and subsidiary, the benefits in California the parent derives from the subsidiary, and the overall likelihood that service upon the subsidiary will provide actual notice to the parent. Takeda maintains Plaintiff has not presented any facts demonstrating such a close connection between Takeda and its subsidiaries. Moreover, Takeda maintains, service of a "general manager" must be made within the state of California under California Corporations Code ("CCC") § 2110; Plaintiff's attempted service of Takeda in Illinois is invalid.

4

**B.     Plaintiff Has Not Filed a Sufficient Proof of Service as to Takeda**

As an initial matter, the docket in this case contains no affidavit or notice of executed summons regarding service of process on Takeda. The parties' briefs reflect initial confusion over the method of service elected by Plaintiff, likely due to the lack of proof of service as to Takeda under Federal Rule of Civil Procedure 4(*l*) (proof of service by the server's affidavit is required for service within the United States). The docket contains a separate affidavit of service for each of Takeda's subsidiaries in Illinois who are named as defendants in this suit, but there is no affidavit showing service of a summons and complaint upon Takeda itself. (Doc. 5.) A summons was issued that included both Takeda and Takeda Development Center Americas, Inc. ("TDCA"), and while there is an affidavit as to service made on TDCA (Doc. 5, p. 1), there is nothing on the docket or in Plaintiff's papers that shows a summons and a copy of the complaint was simultaneously served on Takeda when TDCA was served. Delivering one summons and complaint to a subsidiary – here, purportedly TDCA – is not sufficient as to Takeda, even if the summons delivered to TDCA also listed Takeda; the proof of service is deficient as to Takeda. Despite that this deficiency must be remedied, it does not affect the validity of the service (Fed. R. Civ. P. 4(*l*)(3)), and the Court thus considers whether service was valid under California law.

**C.     Service on Takeda is Insufficient Under California Code of Civil Procedure § 416.10(b)**

Rule 4(h)(1) of the Federal Rules of Civil Procedure provides that service upon a corporation, partnership, or other unincorporated association . . . must be served: (1) in a judicial district of the united States: (A) in the manner prescribed by Rule 4(e)(1) for serving an individual . . . . Fed. R. Civ. P. 4(h)(1). Rule 4(e)(1), in turn, allows service in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . . " The California Code of Civil Procedure permits process to be served on a corporation "by delivering a copy of the summons and the complaint . . . [t]o . . . a general manager, or person authorized by the corporation to receive service of process." Cal. Code Civ. Proc. § 416.10(b).

Under CCCP § 416.10 (and its statutory predecessor CCCP § 411), California has long permitted service of process on a parent corporation through service of a subsidiary when there are facts sufficient to deem the subsidiary a "general manager" of the parent. In 1959, the California Supreme Court decided that an out-of-state corporation (Smith and Wesson ("S&W")) was properly served through its alleged in-state agent, sales manager, and manufacturer's representative (Lookabaugh) as S&W's "general manager" under CCCP § 411(2). *Cosper v. Smith & Wesson Arms Co.*, 53 Cal. 2d 77, 82 (1959).[2] Under CCCP § 411(2), service on a foreign corporation doing business in California was proper if made in accordance with California Corporations Code ("CCC") § 6500, which provided that service of process could be directed to any foreign corporation by serving a copy of the complaint and summons on, among others, the "general manager in this State."

S&W challenged the validity of service, disputing that Lookabaugh qualified as its "general manager" under CCC § 6500. *Cosper*, 53 Cal. 2d at 80. Adopting a broad definition of "general manager," the court rejected S&W's argument observing the record indisputably established S&W had a continuing arrangement for distribution and sale of its products throughout the state via Lookabaugh. The court observed Lookabaugh was actively engaged in promoting the sales of S&W, earning

---

[2] When *Cosper* was decided, CCCP § 411 distinguished between foreign and domestic entities. Service on a foreign entity doing business in California was to be made under CCCP § 411(2), which required service in the manner provided by CCC §§ 6500-6504. These statutes were repealed and replaced by CCCP § 416.10 and CCC § 2110. The relevant service statutes operative at the time *Cosper* was decided were as follows:

CCCP § 411(1) provided that, if the suit is against a domestic corporation, service may be made to the president or other head of the corporation, a vice president, a secretary, an assistant secretary, general manager, or a person designated for service of process or authorized to receive service of process. If no such officer or agent of the corporation can be found within the State after diligent search, then to the Secretary of State as provided in Sections 3301 to 3304, inclusive, of the Corporations Code, unless the corporation be of a class expressly excepted from the operation of those sections.

CCCP § 411(2) provided that, "[i]f the suit is against a foreign corporation, or a nonresident joint stock company or association, doing business in this State; in the manner provided by Sections 6500 to 6504, inclusive, of the Corporations Code."

CCC § 6500 provided the following in relevant part: "Process directed to any foreign corporation may be served upon the corporation by delivering a copy of the person designed as its agent for service of process or authorized to receive service of process, or to the president or other head of the corporation, a vice president, a secretary, an assistant secretary, the general manager in this State, or the cashier or assistant cashier of a bank."

commission on such sales, and therefore would have had "ample regular contact" with S&W. *Id.* at 82. The court reasoned the ongoing contact between the two was of sufficient character that it was reasonably certain S&W would be apprised of the service of process – which was the ultimate goal of service of process. *Id.* at 83. "In short, the arrangement of [S&W] with Lookabaugh appears, in the light of the president's affidavit, to have given Smith and Wesson substantially the business advantages that it would have enjoyed 'if it conducted its business through its own offices or paid agents in the state' [citations omitted]; and such arrangement was sufficient to constitute Lookabaugh 'the general manager of this State' for purposes of service of process on [S&W]." *Id.* at 84 (quoting CCC § 6500).

In July 1970, after *Cosper* was decided, the California Jurisdiction and Service of Process Act of 1969 took effect, which repealed CCCP § 411 and supplanted it with CCCP § 416.10. Unlike CCCP § 411, section 416.10 pertains to "corporations generally," and makes no distinction between service on foreign and domestic corporations. Section 416.10 provides that a "summons may be served on a corporation by delivering a copy of the summons and the complaint by any of the following methods:"

(a) To the person designated as agent for service of process . . . .

(b) To the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process.

(c) If the corporation is a bank, to a cashier or assistant cashier or to a person specified in subdivision (a) or (b).

(d) If authorized by any provision in Section 1701, 1702, 2110, or 2111 of the Corporations Code (or Sections 3301 to 3303, inclusive, or Sections 6500 to 6504, inclusive, of the Corporations Code, as in effect on December 31, 1976, with respect to corporations to which they remain applicable), as provided by that provision.[3]

---

[3] Like CCCP § 411(2), Section 416.10(d) authorizes service under various sections of the Corporations Code, including CCC § 2110, which replaced CCC § 6500 in 1975. As with CCC § 6500, CCC § 2110 allows for service on a foreign corporation by delivering the summons and complaint "to any officer of the corporation or its general manager in this state . . . ."

The only distinction between service of a "general manager" under CCCP § 416.10(b) and CCC § 2110 (pursuant to CCP § 416.10(d)), is the Corporation Code requires service on a "general manager *in this State*" (emphasis added). There is nothing in Section 416.10, however, that *requires* foreign corporations be served under CCCP § 416.10(d). *Ault v. Dinner*

In a recent unpublished memorandum decision pertaining to service of process under CCCP § 416.10, the Ninth Circuit considered whether service on a corporate subsidiary as a "general manager" of the parent company was effective as to the parent pursuant to *Cosper*. *U.S. ex rel. Miller v. Pub. Warehousing Co. KSC*, 636 F. App'x 947, 948 (9th Cir. 2016). The Ninth Circuit noted that California Courts of Appeal were not uniform in their application of *Cosper*, but concluded that where the California courts had approved as sufficient service upon a subsidiary as a "general manager" of a parent company, they had done so where (1) the parent corporation was foreign and not otherwise readily available for service in California, and (2) there was evidence of a sufficiently close connection between the subsidiary and the parent company. *Id.* at 949. The court held that evidence of a "sufficiently close connection" necessary for the subsidiary to qualify as a "general manager" depended "upon the frequency and quality of contact between the parent and the subsidiary, the benefits in California that the parent derives from the subsidiary, and the overall likelihood that service upon the subsidiary will provide actual notice to the parent." *Id.*

Here, the only evidence Plaintiff offers to establish the relationship between Takeda and its subsidiaries are two pages at Takeda's website. The first webpage[4] provides information about subsidiary Takeda Pharmaceuticals, U.S.A., Inc. ("TPUSA"), noting it is among the top 25 largest pharmaceutical companies in the United States. The website indicates TPUSA was founded in 1998 and is part of the Takeda's U.S. Business Unit which "continues to be a key contributor to [Takeda's] global growth and success." As part of Takeda's "largest business unit outside Japan," it is presumable TPUSA has contact with Takeda, but there is nothing that shows what TPUSA does in terms of marketing, developing, or selling products, how much of those efforts are geared toward California, or

---

*for Two, Inc.*, 27 Cal. App. 3d 145, 149-50 (4th Dist. 1972); *Ameron v. Anvil Industries, Inc.*, 524 F.2d 1144, 1145 (9th Cir. 1975).

[4] https://www.takeda.com/who-we-are/company-information/worldwide-offices/us-bu/

any indication of the day-to-day relationship between TPUSA (or any of the subsidiaries) and Takeda such that actual notice to Takeda of service of the complaint would be likely.[5]

The second webpage Plaintiff identifies pertains to Takeda Development Center Americas, Inc. ("TDCA").[6] This subsidiary is apparently "responsible for Takeda's clinical research and development in the U.S. and for supporting clinical and product development activity for [TPUSA]." The webpage notes that TDCA together with TPUSA "created one of the top 15 pharmaceutical companies in the United States." Similar to the first webpage, this does not provide sufficient details showing the day-to-day relationship between Takeda and TDCA and/or TPUSA necessary to evaluate the likelihood Takeda would receive notice of the service, and gives no indication of the subsidiaries' relationship with California.

This is distinguishable from *Cosper* where there was extensive evidence as to the nature of the relationship between Lookabaugh and S&W, including that Lookabaugh serviced dealer accounts, investigated and recommended prospective dealers to S&W, arranged publicity, distributed advertising, and handled reports on complaints concerning defects in S&W's products. 53 Cal. 2d at 81. Here, in contrast, although Plaintiff claims the webpages show that Takeda's subsidiaries together constitute Takeda's "sales agents and distributors in the United States, including California," the website materials cited do not provide any details of this purported sales and marketing relationship – it says only that the subsidiaries constitute large pharmaceutical companies doing business in the United States and that they are engaged in research and development. This is simply not enough information to conclude the subsidiaries qualify as Takeda's general managers under CCCP § 416.10. If it were, *any* large subsidiary would be considered a "general manager" of its parent, even absent the facts necessary to assess the likelihood of actual notice to the parent based on service to the subsidiary, which does not

---

[5] While Plaintiff claims Takeda's motion to dismiss is evidence the service on the subsidiaries provided sufficient notice, it is just as likely that Takeda discovered the suit via the Federal Express "courtesy copy" that was mailed in December 2016.

[6] http://www.takeda.us/about_takeda/default.aspx

comport with the reasoning of *Cosper* and undercuts the general rule that subsidiaries and parent corporations are separate entities. The information on these webpages does not establish Takeda's subsidiaries qualify as its "general manager" under CCCP § 416.10(b).[7]

California courts liberally construe statutes governing service of process and hold that technically deficient service will be deemed effective if the defendant has actual notice of the action. *Gibble v. Car-Lene Research, Inc.*, 67 Cal. App. 4th 295, 313 (1st Dist. 1998). However, given the limited evidence of the nature of the relationship between Takeda and its subsidiaries,[8] Plaintiff's burden is not satisfied even under a liberal application of CCCP § 416.10(b) and the deficiencies are more than technical in nature.

Although Takeda seeks dismissal of the complaint as to itself, it appears that effective service remains possible. As it is still early in the proceedings and no schedule has yet been set, there is no prejudice to Defendants in allowing Plaintiff additional time to properly serve the complaint on Takeda. Under these circumstances, it is appropriate to quash the attempted service on Takeda rather than dismiss the action. *Umbenhauer v. Woog*, 969 F.2d 25, 31 (3d Cir. 1992).

///

///

///

///

///

///

---

[7] Takeda also contends that service is improper because the subsidiaries are not located in California as required under CCC § 2110. However, service under CCP § 416.10(b) does not require compliance with CCC § 2110. *Ault v. Dinner for Two, Inc.*, 27 Cal. App. 3d 145, 149-50 (4th Dist. 1972); *see also Ameron v. Anvil Industries, Inc.*, 524 F.2d 1144, 1145 (9th Cir. 1975). The cases cited by Takeda in support of this argument either relate to repealed CCCP § 411(2) and service of foreign corporations under the Corporations Code, or service was made under CCCP § 416.10(d) which incorporates service provisions under the Corporations Code.

[8] Such evidence may exist, but it is not presently before the Court.

## V. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that:

1. Takeda's Motion to Dismiss is GRANTED in part;

2. The attempted service of process on Takeda on November 1, 2016, is quashed; and

3. Plaintiff shall have 30 days from the date of this order to properly effect service on Takeda and file an adequate proof of service.

IT IS SO ORDERED.

Dated: **May 18, 2017**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE